### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A., AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT2, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT2,** | § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:22-cv-00341** |
| **KERI LYNN LOVEDAY,** | § § § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT2, Asset-Backed Certificates, Series 2007-OPT2 ("Plaintiff or "Wells Fargo") complains of Keri Lynn Loveday, files this *Original Complaint*, and states as follows:

### I.      PARTIES

1.      Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.      Margaret R. Sampler ("Decedent") was a borrower under the loan agreement described below. Decedent passed away on or about December 10, 2013. Upon information and belief, no probate is open for Decedent's estate in Tarrant County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.      Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon her death.

Each Heir is made a party in this proceeding.

4.      Defendant Keri Lynn Loveday is the daughter of Decedent. Keri Lynn Loveday is a citizen of the state of Texas and may be served with process at 700 Springhill Drive, Hurst, Texas 76054, or at any other place where she may be found. Summons is requested.

## II.      PROPERTY

5.      This proceeding concerns the real property and improvements commonly known as 2924 NW 24th Street, Fort Worth, Texas 76106, and more particularly described as follows:

> LOT 13 IN BLOCK 144, ROSEN HEIGHTS ADDITION, SECOND FILING, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT FILED IN BOOK 204, PAGE 75, PLAT RECORDS OF TARRANT COUNTY, TEXAS.

(The "Property").

## III.      DIVERSITY JURISDICTION AND VENUE

6.      This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

7.      Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of

association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo has its main office in California. Therefore, Wells Fargo is a citizen of California for diversity purposes.

8.      The named Defendant is an individual and citizen of the state of Texas.

9.      In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10.      When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11.      Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Tarrant County Appraisal District values the Property at $97,790.00.

12.     Venue is proper in the Northern District of Texas, Fort Worth Division, because this suit concerns title to real property located in Tarrant County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.     FACTS

13.     The foregoing paragraphs are incorporated by reference for all purposes.

14.     On or about March 12, 1973, Jerome Glidewell and Maggie Glidewell executed a General Warranty Deed (the "Vesting Deed") conveying title of the Property to Decedent, as her sole and separate property. A true and correct copy of the General Warranty Deed is attached hereto as **Exhibit A.**

15.     On or about April 23, 2007, Decedent ("Borrower") executed a *Texas Home Note (Fixed Rate-First Lien)* (the "Note"), in the principal amount of $50,000.00 at an annual interest rate of 10.100%, originally payable to Texas State Home Loans, Inc. ("TSHL") as lender on a loan secured by the Property.  A true and correct copy of the Note is attached hereto as **Exhibit B**.

16.     Concurrently with the execution of the Note, Decedent ("Borrower") and her husband at that time, Adrian L. Sampler, executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting TSHL, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Tarrant County, Texas, as Document No. D207150123. A true and correct copy of the Security Instrument is attached hereto as **Exhibit C**.

17.     Subsequently, TSHL transferred and assigned the Loan Agreement to Option One Mortgage Corporation ("Option One"). The Assignment of Deed of Trust was recorded in the

official public records of Tarrant County, Texas, as Document No. D207358977. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit D**.

18.     Then, Sand Canyon Corporation f/k/a Option One Mortgage Corporation transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was recorded in the official public records of Tarrant County, Texas, as Document No. D222038890. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit E.**

19.     Plaintiff is the current legal owner and holder of the blank endorsed Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

20.     Decedent passed away on December 10, 2013. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs, the Defendant, acquired all of her interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff.

21.     The Property is considered separate property as per specifically expressed in the Vesting Deed. Upon information and belief, at the time of her death, Decedent was not married. Accordingly, only her children had an interest in the Property upon her death. Defendant is Decedent's only descendant.

22.     Under the terms of the Loan Agreement, the Decedent was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

23.     The Loan Agreement further provides that should she fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by

selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

24.      The Loan Agreement is currently due for the July 1, 2021, payment, and all subsequent monthly payments. On February 3, 2022, a *Notice of Default* was sent via certified mail to the Borrower to the Property' address, in accordance with the Loan Agreement and the Texas Property Code. The *Notice of Default* advised Borrower that in order to cure the default, a payment for the entire total amount past due, any amount in the interim must be received on or March 10, 2022, and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and sale of the Property. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit F**.

25.      The default was not cured, and the maturity of the debt is hereby accelerated by the filing of the instant lawsuit.

26.      Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

27.      The foregoing paragraphs are incorporated by reference for all purposes.

28.      Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

29.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Decedent's failure to comply with the Loan Agreement.  Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Decedent, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### B.  ENFORCEMENT OF STATUTORY PROBATE LIEN

30.     The foregoing paragraphs are incorporated by reference for all purposes.

31.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a.  TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

        *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b.  TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

        *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c.  TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

        *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

32.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.  NON-JUDICIAL FORECLOSURE

33.     The foregoing paragraphs are incorporated by reference for all purposes.

34.     Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who acquired the Property subject to Decedent's debts.

### D.  PUBLIC AUCTION

35.     The foregoing paragraphs are incorporated by reference for all purposes.

36.     Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E.  JUDICIAL FORECLOSURE

37.     The foregoing paragraphs are incorporated by reference for all purposes.

38.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39.     As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Tarrant County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F.  TRESPASS TO TRY TITLE

40.     The foregoing paragraphs are incorporated by reference for all purposes.

41.     Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Plaintiff seeks a declaration and judgment that the Defendant is divested of all of their right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

### G.  WRIT OF POSSESSION

42.     The foregoing paragraphs are incorporated by reference for all purposes.

43.     If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H.  ATTORNEYS FEES

44.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil

Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## I.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    Attorney in Charge
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    State Bar No. PR20818
    Of Counsel
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**