UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WELLS FARGO BANK, NATIONAL**
**ASSOCIATION, AS TRUSTEE FOR**
**SOUNDVIEW HOME LOAN TRUST 2007-**
**OPT2, ASSET-BACKED CERTIFICATES,**
**SERIES 2007-OPT2,**

    Plaintiff,

v.                                                          No. 4:22-cv-0341-P

**KERI LYNN LOVEDAY,**

    Defendant.

## MEMORANDUM OPINION & ORDER

The Court is deciding a Motion for Default Judgment in this foreclosure case. ECF No. 8. Having reviewed the Motion, docket entries, and applicable law, the Court grants the Motion for Default Judgment.

### FACTUAL BACKGROUND

Plaintiff seeks declaratory judgment that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument, and mortgagee, as defined under Texas Property Code § 51.0001. ECF No. 1. Plaintiff seeks a judgment allowing foreclosure of Defendant's interest in the real property which is the subject of this matter. *Id.* Plaintiff also seeks a judgment for its reasonable attorneys' fees based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the loan documents. *Id.* Plaintiff requests the award of attorneys' fees be made not as a money judgment against Defendant, but as a further obligation owed by Defendant under the Note and Security Instrument. *Id.*

On or about March 12, 1973, Jerome Glidewell and Maggie Glidewell executed a General Warranty Deed ("Vesting Deed") conveying title of

the Property—2924 NW 24th Street, Fort Worth, Texas 76106[1]—to Margaret R. Sampler ("Decedent"), [2] as her sole and separate property. On or about April 23, 2007, Decedent executed a Texas Home Equity Note (Fixed Rate-First Lien) (the "Note") in the principal amount of $50,000.00 at an annual interest rate of 10.1%, originally payable to Texas State Home Loans, Inc. ("TSHL") as lender on a loan secured by the Property.

Concurrently with the execution of the Note, Decedent and her then-husband, Adrian L. Sampler, executed a Texas Home Equity Security Instrument (First Lien) ("Security Instrument" and together with the Note, "Loan Agreement") as grantors, granting TSHL, and its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Tarrant County, Texas, as Document No. D207150123.

TSHL transferred and assigned the Loan Agreement to Option One Mortgage Corporation ("Option One"). The Assignment of the Deed of Trust was recorded in the official public records of Tarrant County, Texas, as Document No. D207358.

Then, Sand Canyon Corporation f/k/a Option One transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was recorded in the official public records of Tarrant County, Texas, as Document No. D222038890.

Decedent passed away on December 10, 2013. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heir, the Defendant, acquired all Decedent's interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff.

---

[1]The Property is more particularly described as:
    LOT 13 IN BLOCK 144, ROSEN HEIGHTS ADDITION, SECOND FILING, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT FILED IN BOOK 204, PAGE 75, PLAT RECORDS OF TARRANT COUNTY, TEXAS.

[2]Defendant Keri Lynn Loveday is the daughter of Decedent.

Under the terms of the Loan Agreement, payment of the principal and interest on the debt was required, as well as any applicable charges and fees due under the Note. The Loan Agreement further provides that should she fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

The Loan Agreement is currently due for payments beginning with the July 1, 2021, installment and all subsequent monthly installments. On February 3, 2022, a Notice of Default was sent via certified mail to the Decedent at the Property's address, in accordance with the Loan Agreement and the Texas Property Code. The Notice of Default advised Decedent that to cure the default, a payment for the entire total amount past due plus any amount due in the interim must be received on or March 10, 2022, and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and the sale of the Property.

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on April 20, 2022, seeking a declaratory judgment to foreclose on real property that is secured by a lien. ECF No. 1. Defendant was served on May 3, 2022, and proof of service was filed that same day. ECF No. 6. Her deadline to answer or respond was May 24, 2022. On May 25, 2022, Plaintiff requested that the Clerk of Court enter a default due to Defendant's failure to respond to the Complaint or otherwise appear; the Clerk entered default against Defendant the same day. *See* ECF Nos. 7, 9. Plaintiffs then filed the Motion for Default Judgment against Defendant now pending before the Court. ECF No. 8. Because Defendant Keri Lynn Loveday has not appeared and the requirements for granting default judgment have been met, the Court grants Plaintiff's Motion for Default Judgment. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure

by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.*[3]

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts have developed a three-part analysis. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good-faith

---

[3] A default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521. That exception is inapplicable here.

4

mistake or excusable neglect; (5) a default judgment would be unduly harsh; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine if there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). To that end, the Court is to assume because of its default, defendant admits all well-pleaded facts, but does not admit those facts that are not well-pleaded or conclusions of law. *Id.*

*Third*, courts determine what form of relief, if any, the plaintiff should receive. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). When the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiffs' Complaint.

### A. Default judgment is procedurally warranted.

In applying the *Lindsey* factors to this dispute, the Court concludes that the entry of default judgment is procedurally proper. *First*, there are no material facts in dispute as Defendant has not filed any responsive pleadings to date. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, Defendant's failure to respond effectively prejudices Plaintiffs as the legal process is at a standstill. *Third*, nothing before the Court suggests that Defendant's failure to

respond resulted from a good-faith mistake or excusable neglect. *Fourth*, Plaintiff seeks only the relief to which it is entitled under the law, and the Court is aware of no applicable defenses. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, the Court has no facts before it that would provide a basis for setting aside a default if challenged by Defendant. These considerations warrant entering a default judgment in favor of Plaintiff.

## B. Plaintiff pleaded sufficient grounds for declaratory judgment, and Plaintiff seeks no monetary damages.

Plaintiff seeks declaratory judgment that it is the owner and holder of the Note, beneficiary of the Security Instrument, and mortgagee, as defined under Texas Property Code § 51.0001. Plaintiff also seeks a judgment allowing foreclosure of Defendant's interest of the Property.

Texas law governs the Loan Agreement. *See* ECF No. 1-1 ¶ 11. To foreclose under a security instrument with a power of sale, the lender need only demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014); Tex. Prop. Code § 51.002.

Here, Plaintiff's uncontested Complaint establishes that the Decedent (Defendant's predecessor in interest) incurred a debt that has gone unpaid for several months. Plaintiff was granted a lien to secure the debt, which was created under Article XVI, § 50(a)(6) of the Texas Constitution. The Defendant, as successor, is in default for nonpayment under Texas Estates Code §§ 101.001(b), 101.051(b)(1). Plaintiff mailed a notice of default and request to cure to the Property in accordance with the Loan Agreement and the Texas Property Code. *See* ECF No. 15.

Plaintiff has sufficiently pleaded that the Note was secured by the Property, that the Note is due and owing, and that it seeks to foreclose on the

Property under the Deed of Trust. Further, Plaintiff alleges that it has satisfied the necessary requirements of Texas Property Code § 51.002, which govern a foreclosure sale of real property under a deed of trust. Plaintiff sufficiently pleaded that it is the current legal owner and holder of the blank endorsed Note and the mortgagee of the Security Instrument as that term is defined in § 51.0001(4) of the Texas Property Code. Plaintiff does not seek damages in this declaratory judgment case.

## ORDER

Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED.** Per Federal Rule of Civil Procedure 58, a Final Default Judgment will issue by separate document.

**SO ORDERED** on this **13th day** of **June, 2022.**

*[Signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE